# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIO COOPERWOOD, | ) |
|       Plaintiff, | ) |
| | ) Case No. 16 C 1495 |
|     v. | ) |
| DEPUTY FARMER, et al., | ) |
|       Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On April 13, 2015, Plaintiff Mario Cooperwood filed a Complaint in the Twelfth Judicial Circuit of Will County, Illinois against the City of Crest Hill, Illinois, Unknown Crest Hill Police Officers, Unknown Will County Sheriff's Deputies, Crest Hill Police Officer Farmer, and Will County Sheriff Paul Kaupas in his official capacity. Plaintiff subsequently filed a First Amended Complaint in state court on October 5, 2015 against Defendant Will County Sheriff's Deputy Brett Farmer, Unknown Will County Sheriff's Deputies, and Will County Sheriff Mike Kelley in his official capacity. On January 28, 2016, Defendants removed this lawsuit pursuant to 28 U.S.C. §§ 1441, 1446. Before the Court is Defendants' motion to dismiss for failure to properly serve, failure to file state law claims within the relevant statute of limitations, and failure to join a necessary and indispensable party. For the following reasons, the Court grants in part and denies in part Defendants' motion.

## FACTUAL BACKGROUND

On October 5, 2015, Plaintiff filed his seven-count First Amended Complaint in the Twelfth Judicial Circuit Court of Will County bringing constitutional claims under 42 U.S.C. §

1983 and state law tort claims arising out of Plaintiff's arrest on April 12, 2013.  (R. 10-3, First Am. Compl.)  More specifically, Plaintiff alleges that, on April 12, 2013, Defendant Farmer and Unknown Will County Sheriff's Deputies stopped him while he was driving in violation of his Fourth Amendment right to be free from unreasonable search and seizure.  (*Id.* at ¶¶ 2-8.)  During the course of this traffic stop, Plaintiff alleges that Defendant Farmer and the Unknown Deputies performed a name search and discovered an outstanding warrant with a "no bond" designation from McCracken County, Kentucky for a "Mario Cooperwood."  (*Id.* at ¶¶ 9-10.)  Defendant Sheriff's Deputies then arrested Plaintiff on the basis of this warrant – purportedly without a citation to a violation of Illinois law or a municipal ordinance and despite Plaintiff's avowed denial that there was a warrant for his arrest.  (*Id.* at ¶¶ 11-13.)  Plaintiff also asserts that Defendant Farmer and the Unknown Deputies did not have reason to believe he was a danger to them or others, or that he was concealing any weapons or contraband.  (*Id.* at ¶ 14.)

Crest Hill police officers then processed Plaintiff.  (*Id.* at ¶ 15.)  Plaintiff alleges that at that time Defendant Farmer and the Unknown Deputies failed to compare the description of "Mario Cooperwood" in the Kentucky warrant with Plaintiff's characteristics and did not determine whether Plaintiff's fingerprints cleared.  (*Id.* at ¶¶ 16-18.)  The next day, on April 13, 2013, Plaintiff was transferred from the Crest Hill Police Department lock-up to the Will County Sheriff's Office.  (*Id.* at ¶ 19.)  At that time, certain Will County Sheriff's Deputies allegedly subjected Plaintiff to a routine strip search.  (*Id.*)

Plaintiff alleges that on April 14, 2013, the Illinois State Police determined that he did not have a criminal history and sent such notice to the Will County Sheriff's Office.  (*Id.* at ¶ 20.)  Also, Plaintiff contends that – upon receiving this information – the officers did not

2

investigate whether they made an error in detaining him. (*Id.* at ¶ 22.) Specifically, despite the notice from the Illinois State Police, Plaintiff claims that he was not released from custody nor did the officers attempt to bring his matter before a judge for his release. (*Id.* at ¶ 23.)

On April 15, 2013, Plaintiff appeared before a Will County judge on a return of warrant and to possibly set bond, but the judge did not set bond. (*Id.* at ¶ 26.) Plaintiff alleges someone in the Will County Sheriff's Office failed to advise the state court judge that he was the wrong person. (*Id.*) Plaintiff claims that also on April 15, 2013, the Will County Sheriff's Office had received a mug shot of the Kentucky "Mario Cooperwood" and communicated with McCracken County to verify that Plaintiff was not the person named in the warrant. (*Id.* at ¶ 27.) On April 16, 2013, the Sheriff's Office took Plaintiff back to court and the Will County State's Attorney withdrew its no hold bond petition. (*Id.* at ¶ 29.)

In his First Amended Complaint, Plaintiff alleges that due to Defendants' actions, he was in custody for five days despite Defendants' knowledge that they had the wrong person or that they should have known they had the wrong person. (*Id.* at ¶¶ 30-32.) In Counts I, II, and III, Plaintiff alleges that Defendants violated his Fourth Amendment right to be free from unreasonable search and seizure. In Counts IV, V, VI, VII, Plaintiff brings state law claims of false arrest, false imprisonment, and intentional infliction of emotional distress.

**PROCEDURAL BACKGROUND**

As discussed, on April 13, 2015, Plaintiff Mario Cooperwood filed a Complaint in the Twelfth Judicial Circuit of Will County, Illinois against the City of Crest Hill, Illinois, Unknown Crest Hill Police Officers, Unknown Will County Sheriff's Deputies, Crest Hill Police Officer Farmer, and Will County Sheriff Paul Kaupas. Summons were not issued at that time. (R. 10-2,

State Ct. Dkt. at 2.) The state court docket shows that Plaintiff issued a first alias summons on July 14, 2015 without leave of the court. (*Id.*) Plaintiff maintains that on July 20, 2015, an employee of the Will County Sheriff's Office ("WCSO") received this summons as indicated by a signed return receipt. Plaintiff asserts that the WCSO employee rejected service and returned the summons with a letter stating that Paul Kaupas was no longer the Will County Sheriff. (*Id.*)

Plaintiff appeared in state court on August 3, 2015 for a status hearing without having served the Defendants. (R. 10-2, State Ct. Dkt. at 2.) At that time, the state court granted Plaintiff's motion to serve a second alias summons. (*Id.*) Plaintiff then filed a First Amended Complaint on October 5, 2015, specifically identifying Defendant Farmer as a Will County Deputy Sheriff and Mike Kelley as the Will County Sheriff. (R. 10-3, First Am. Compl.) Plaintiff, however, did not identify the Unknown Sheriff's Deputies in his First Amended Complaint. (*Id.*) Thereafter, the state court judge granted Plaintiff's motion for leave to issue a third alias summons and to appoint a special process server. (R. 10-2, State Ct. Dkt. at 1.)

In the meantime, on December 3, 2015, the Will County judge dismissed Plaintiff's lawsuit for want of prosecution due to Plaintiff's failure to appear in court that day. (*Id.*) On December 29, 2015, the state court set-aside its dismissal on Plaintiff's motion to reconsider. (*Id.*) The court then appointed a special process server and a fourth alias summons issued. (*Id.*)

On or about January 4, 2015, a process server left a summons for Defendant Farmer with Shannon Zobel, a Records Coordinator at the WCSO. (R. 10-5, Farmer Aff. ¶ 7.) Zobel informed Defendant Farmer of the summons by email. (*Id.* at ¶ 8.) Defendant Farmer claims that Zobel's email was his first notice of this lawsuit. (*Id.* at ¶ 10.) Will County Sheriff Kelley claims that Plaintiff has never served him. (R. 10-6, Kelley Aff. ¶ 5.) Sheriff Kelly avers that

4

the Will County State's Attorney informed him of this lawsuit on or about January, 13, 2016. (*Id.* at ¶ 4.)

## LEGAL STANDARDS

**I.     Rule 12(b)(5)**

Under Rule 12(b)(5), a defendant may move to dismiss a complaint based on insufficient process. *See Cardenas v. City of Chicago,* 646 F.3d 1001, 1005 (7th Cir. 2011). Here, because Defendants removed this lawsuit from state court, Illinois Supreme Court Rule 103(b) – instead of Rule 4(m) – governs whether Plaintiff's attempt to serve Defendants was legally sufficient. *See* Fed.R.Civ.P. 81(c); *Cardenas,* 646 F.3d at 1005. In other words, "federal courts may apply state procedural rules to pre-removal conduct," including "the timeliness of service of process." *Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119, 1122 (7th Cir. 2001). Rule 103(b) "calls for plaintiffs to 'exercise reasonable diligence' in serving process, as measured by 'the totality of the circumstances.'" *Kimbrell v. Brown*, 651 F.3d 752, 754 (7th Cir. 2011). The plaintiff has the burden of demonstrating reasonable diligence in the service of process. *See Segal v. Sacco*, 136 Ill. 2d 282, 285, 144 Ill.Dec. 555 N.E.2d 719 (Ill. 1990); *see also Hunt ex rel. Chiovari v. Dart,* 612 F. Supp. 2d 969, 979 (N.D. Ill. 2009).

**II.    Rule 12(b)(6)**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule

5

8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Also, "although a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago,* 777 F.3d 885, 889 (7th Cir. 2015).

## ANALYSIS

**I.     Timeliness of Service**

In Defendants' motion to dismiss brought pursuant to Rule 12(b)(5), they argue that Plaintiff failed to properly serve them with process in a timely manner. Because Defendants removed this lawsuit from Illinois state court, Illinois Supreme Court Rule 103(b) governs whether Plaintiff's attempt to serve Defendants was legally sufficient. Rule 103(b) states in relevant part:

> If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration

6

of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct.

Ill. S.Ct. R. 103(b).

"The purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations." *Silverberg v. Haji*, 2015 IL App (1st) 141321, ¶ 31, 393 Ill.Dec. 213, 33 N.E.3d 957, 967 (1st Dist. 2015). "The public policy of Illinois favors determining controversies according to the substantive rights of the parties," therefore, "courts have held that Rule 103(b) is not to be used merely to clear a crowded docket." *McCormack v. Leons*, 261 Ill.App.3d 293, 199 Ill.Dec. 401, 634 N.E.2d 1, 2-3 (3rd Dist. 1994). Nevertheless, "a plaintiff may not complain where the dismissal resulted from her own lack of diligence in effectuating service." *Kole v. Brubaker,* 325 Ill.App.3d 944, 259 Ill.Dec. 649, 759 N.E.2d 129, 134 (1st Dist. 2001) (citations omitted); *see also Christian v. Lincoln Auto. Co.*, 403 Ill.App.3d 1038, 343 Ill.Dec. 462, 934 N.E.2d 1065, 1069 (3rd Dist. 2010) ("[I]t has been stated that a plaintiff may not complain where the dismissal resulted from his own lack of diligence, notwithstanding that controversies ordinarily should be resolved on their merits.").

Whether a plaintiff has met his burden of demonstrating reasonable diligence in the service of process under Rule 103(b) is within the trial court's sound discretion. *See Segal v. Sacco*, 136 Ill. 2d 282, 285, 144 Ill.Dec. 360, 555 N.E.2d 719, 721 (Ill. 1990). In *Segal*, the Supreme Court of Illinois set forth a non-exhaustive list of factors for courts to consider when exercising this discretion, including: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with

7

which defendant's whereabouts could have been ascertained; (5) defendant's actual knowledge of the pendency of the action; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service on the defendant. *See Segal,* 136 Ill.2d at 287. As the *Segal* court noted, "[d]ismissal of a cause with prejudice under Rule 103(b) is a harsh penalty, which is justified when the delay in service of process is of a length which denies a defendant a 'fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible.'" *Id.* at 288 (citation omitted). Moreover, "[t]he standard used in resolving a Rule 103(b) motion is not based on the subjective intent of the plaintiff but, rather, an objective one of reasonable diligence in effectuating service." *Kole,* 325 Ill.App.3d at 950. This is a "fact-intensive inquiry suited to balancing, not bright lines" that considers the totality of the circumstances. *Silverberg,* 33 N.E.3d at 967; *see also Kimbrell*, 651 F.3d at 754.

The Court now turns to the *Segal* factors and first considers the length of time between the filing of the original complaint and service of process. In this case, Plaintiff was unable to serve Defendants for nearly nine months. Illinois courts have both granted and dismissed cases in which the plaintiff was unable to effectuate service for this amount of time. *Compare Kole*, 325 Ill.App.3d at 947 (case dismissed when delay of service was eight months) *with Verploegh v. Gagliano*, 396 Ill.App.3d 1041, 337 Ill.Dec. 305, 922 N.E.2d 428, 433 (3rd Dist. 2009) (delay of seven months did not warrant dismissal) *and Dupon v. Kaplan,* 163 Ill.App.3d 451, 114 Ill.Dec. 572, 516 N.E.2d 727, 730 (1st Dist. 1987) (dismissal not proper despite ten month delay in service). Indeed, "[t]he length of time elapsed between the filing of the complaint and service, standing alone, has no 'talismanic effect' given that each case must be decided on its own facts." *Mular v. Ingram*, 2015 IL App (1st) 142439, ¶ 20, 33 N.E.3d 771, 777-78 (1st Dist. 2015)

(quotation omitted). As such, the time period of nine months between the filing of the original complaint and the effectuation of service is not necessarily dispositive, especially considering the totality of other circumstances in this matter.

Second, the Court considers Plaintiff's activities in effectuating service. The record shows that Plaintiff issued three alias summons and engaged a special process server to serve Defendants. *See Matthews v. Donnelly*, 265 Ill.App.3d 1016, 203 Ill.Dec. 154, 639 N.E.2d 193, 197 (1st Dist. 1994) ("A plaintiff's efforts to obtain service through an alias summons are relevant to the question of reasonable diligence."). Although these efforts were somewhat sporadic, Illinois courts have permitted a period of a month or two between attempts at service. *See Verploegh*, 396 Ill. App. 3d at 1046 ("Although a month or even two may have elapsed between efforts taken by the plaintiff to locate the defendant and serve him, this is not a case where the plaintiff was attempting to delay service or circumvent the statute of limitations."); *see also Brezinski v. Vohra*, 258 Ill.App.3d 702, 197, Ill.Dec. 342, 631 N.E.2d 345, 348 (1st Dist. 1994) (Rule 103(b) dismissal reversed where three alias summons were issued over the course of approximately two years).

Here, Plaintiff explains that his delays were due to his initial confusion regarding whether Defendant Farmer was a Will County Sheriff's Deputy and that he named the prior Will County Sheriff – in his official capacity – and later amended his pleadings to name the present Will County Sheriff as a Defendant. Under these circumstances and Illinois case law, this is not a situation in which Plaintiff made no efforts to serve Defendants for a significant period of time in an attempt to circumvent the statute of limitations. *See, e.g., Womick v. Jackson Cnty. Nursing*

*Home,* 137 Ill.2d 371, 376, 148 Ill.Dec. 719, 561 N.E.2d 25 (Ill. 1990). Therefore, this *Segal* factor weighs in Plaintiff's favor.

Next, the Court considers the third and fourth *Segal* factors, namely, Plaintiff's knowledge of Defendants' location and the ease with which he could ascertain Defendants' whereabouts. In their motion, Defendants argue that Plaintiff "knew or should have known Dep. Farmer's 'location' and the ease with which to discover his whereabouts given the fact that there are several office locations for the WCSO, which information is no more than a Google search away" because "Dep. Farmer has been continuously employed with WCSO for the past 6 years inclusive of the date of Plaintiff's arrest and the filing of this lawsuit." (R. 11, Def's. Brief at 6.) In response, Plaintiff explains that he was confused as to whether Defendant Farmer was employed by the WCSO or the municipality of Crest Hill as a police officer. Plaintiff, however, does not explain why he did not attempt to serve Sheriff Kelley after the WCSO rejected service in July 2015 due to Plaintiff erroneously naming the former Will County Sheriff as a Defendant. These factors are thus in equipoise.

The Court next examines the fifth and seventh *Segal* factors, namely, Defendants' actual knowledge of the pendency of the lawsuit and whether Defendants were actually served. Although Defendant Farmer and Sheriff Kelly aver that they were unaware of this lawsuit until January 2016, it is undisputed that Defendant Farmer was actually served in January 2016. Accordingly, these *Segal* factors weigh for and against Plaintiff.

The sixth *Segal* factor concerns whether there were special circumstances bearing on the reasonableness of a plaintiff's efforts in attempting to serve defendants. *See Mular,* 33 N.E.3d at 778. Here, the record shows that Plaintiff appeared in state court in August, October, and

December of 2015 prior to service being effectuated. The docket also indicates that the state court was aware of the delay of service and allowed the Plaintiff to proceed with his lawsuit. These facts establish Plaintiff's diligence in pursuing his claims and that he repeatedly attempted to effectuate service. *See, e.g, Vilchis v. Miami Univ. of Ohio*, No. 03 C 2916, 2003 WL 22239829, at *3 (N.D. Ill. Sept. 26, 2003). These additional circumstances thus weigh in Plaintiff's favor.

Applying the *Segal* factors to the facts of this case, Plaintiff has fulfilled his burden in establishing that he used reasonable diligence in serving Defendants under Illinois Supreme Court Rule 103(b). As discussed, Plaintiff attempted to serve Defendants on numerous occasions and the state court allowed Plaintiff to proceed with his lawsuit despite his unsuccessful attempts at service. Although, as Defendants argue, Plaintiff might have done more to effectuate service, under Illinois law, the Court considers whether Plaintiff was reasonably diligent, not whether he did everything possible to serve Defendants. *See Verploegh*, 396 Ill.App.3d at 1046 ("The Rule 103(b) test is not whether the plaintiff has done everything possible with the utmost prudence and diligence but, rather, whether the plaintiff exercised reasonable diligence so that the delay of service did not deny the defendant a fair opportunity to investigate the facts of the case."). In sum, Plaintiff was reasonably diligent in light of the particular circumstances of this case and the delay in service does not interfere with the Court's ability to proceed expeditiously to a just resolution of this matter. Therefore, the Court, in its discretion, denies Defendants' motion to dismiss for untimely service under Rule 103(b). *See Bracey v. Grondin*, 712 F.3d 1012, 1020 (7th Cir. 2013) ("discretion by its very nature permits different judges to reach different–but reasonable–conclusions on the same set of facts").

## II. Statute of Limitations

In Counts IV, V, VI, VII of the First Amended Complaint, Plaintiff brings the state law claims of false arrest, false imprisonment, and intentional infliction of emotional distress. In the present motion, Defendants maintain that Plaintiff's state law claims are time-barred under the one-year limitations period set forth in Illinois Local Government and Governmental Employees Tort Immunity Act, Section 8-101, which states that "[n]o civil action ... may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." *See O'Toole v. Chicago Zoological Soc'y,* 17 N.E.2d 869, 873, 384 Ill.Dec. 887 (1st Dist. 2014) ("The Tort Immunity Act was created to protect 'local public entities' and their employees from liability that arises from the operation of government."). Here, the incidents underlying Plaintiff's state law claims took place on April 13 through April 16, 2013. Plaintiff filed his original complaint in this matter on April 15, 2015, which is well over one year after the incidents at issue, and thus his state law claims are time-barred under the Tort Immunity Act.

Nevertheless, Plaintiff argues that the one-year limitations period does not apply to his claims because he has alleged that Defendant Farmer's conduct was wilful and wanton. It is well-established under Illinois law, however, that "allegations of wilful and wanton conduct do not deprive a local public entity and its employees of the benefit of the shorter limitations period provided in section 8–101." *Luciano v. Waubonsee Cmty. Coll.,* 245 Ill. App. 3d 1077, 1086, 185 Ill.Dec. 463, 614 N.E.2d 904 (2d Dist. 1993). In other words, although the Tort Immunity Act does not extend immunity to acts of public employees that are wilful and wanton, the statute of limitations under the Tort Immunity Act applies to public employees, even if the public

employee's conduct is wilful and wanton. *See Sroga v. De Jesus,* No. 12 C 9288, 2013 WL 2422869, at *6 (N.D. Ill. June 3, 2013); *Flint v. Belvidere,* No. 11 C 50255, 2012 WL 470113, at *6 (N.D. Ill. Feb.13, 2012). As such, Plaintiff's argument is without merit, and the Court grants Defendants' motion to dismiss Plaintiff's state law claims alleged in Counts IV, V, VI, VII of the First Amended Complaint as untimely.

### III.     Failure to Join Will County

In the alternative, Defendants argue that Plaintiff's failure to join Will County as an indispensable and necessary party during the limitations period warrants dismissal of this entire action pursuant to Rules 12(b)(7) and 19. In particular, under Illinois law, a county is required to pay for damages entered against a Sheriff in his official capacity. *See Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 636 (7th Cir. 2009); 745 ILCS 10/9-1002. Accordingly, "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." *Carver v. Sheriff of LaSalle Cnty., Ill.,* 324 F.3d 947, 948 (7th Cir. 2003). Thus, "[b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation." *Id.* As the Seventh Circuit teaches, "[d]ismissal, however, is not the preferred outcome under the Rules," and courts are "reluctant to dismiss for failure to join where doing so deprives the plaintiff of his choice of federal forum." *Askew*, 568 F.3d at 634 (citation omitted).

Here, despite Plaintiff's failure to name Will County as a separate Defendant from the Will County Sheriff's Office, based on the facts of this case, Will County knew or should have known that Plaintiff would name it as a Defendant. *See Esparza v. Dart*, No. 14 CV 1390, 2014 WL 5628050, at *5 (N.D. Ill. Nov. 4, 2014). Indeed, the Seventh Circuit's decision in *Carver*

13

was decided in 2003, and since then, courts have applied the *Carver* holding against Will County and the Will County's Sheriff's Office. *See, e.g., Mihelic v. Will Cnty.,* 826 F. Supp. 2d 1104, 1117 (N.D. Ill. 2011); *Cooper v. Office of Sheriff of Will Cnty.,* 333 F. Supp. 2d 728, 736 (N.D. Ill. 2004). Moreover, Defendants' concern about the statute of limitations is unavailing because the limitations period for indemnity claims under 745 ILCS 10/9-102 does not accrue until judgment is entered against the government employee. *See American Safety Cas. Ins. Co. v. City of Waukegan,* 776 F. Supp. 2d 670, 709 (N.D. Ill. 2011) (collecting cases). The Court therefore grants Plaintiff leave to add Will County as a Defendant to this lawsuit for indemnification purposes, *see* 745 ILCS 10/9-102, and denies Defendants' motion to dismiss in this respect.[1]

## CONCLUSION

For these reasons, the Court grants in part and denies Defendants' motion to dismiss.

**Dated:** July 11, 2016

                                        **ENTERED**

                                        _____
                                        **AMY J. ST. EVE**
                                        **United States District Court Judge**

---

[1] In their opening memorandum, Defendants make a cursory argument about the unidentified Defendant Will County Sheriff's Deputies and the relation back doctrine under Federal Rule of Civil Procedure 15(c). The Court will not address Defendants' undeveloped Rule 15(c) argument at this juncture. *See Rahn v. Bd. of Trs. of N. Illinois Univ.,* 803 F.3d 285, 295 (7th Cir. 2015) (perfunctory and undeveloped arguments are waived). The Court also notes that arguments made for the first time in a reply brief are waived. *See United States v. Lacy,* 813 F.3d 654, 658 (7th Cir. 2016).